EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
Applicant,

v.

C & P TELEPHONE COMPANY, C & P
Telephone Company of Maryland, C &
P Telephone Company of Virginia, C &
P Telephone Company of West Virgi-
nia, and Bell Atlantic Network Servic-
es, Respondents.

Civ. A. No. 93–158 SSH.

United States District Court,
District of Columbia.

Feb. 3, 1993.

Tracy Hudson Spicer, EEOC, Baltimore Dist. Office, Baltimore, MD, for applicant.

Cecelia Travers Roudiez, Bell Atlantic Network Services, Inc., Washington, DC, for respondents.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

Before the Court is the application of the Equal Employment Opportunity Commission ("EEOC") for the issuance of an Order to Show Cause why an administrative sub-

poena, issued by the EEOC on June 8, 1992, should not be enforced. The Court conditionally grants in part and denies in part the EEOC's application.

## Background

On October 4, 1991, the Communication Workers of America ("CWA") and Felicia Sharp filed charges of discrimination against respondents C & P Telephone Company, C & P Telephone Company of Maryland, C & P Telephone Company of Virginia, C & P Telephone Company of West Virginia, and Bell Atlantic Network Services. The charges allege that respondents implemented a test for the "collector" position that had a disparate impact on non-white and female applicants.

The EEOC initiated an investigation of these charges in accordance with its statutory obligations under § 706(b) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5 (1992). During the course of that investigation, the EEOC made several requests to respondents to produce information concerning applicants who applied for the collector position between 1989 and 1991, and information regarding the tests used for this position during those years. The EEOC sought, *inter alia,* personal data about individual applicants, applicants' test results, copies of the tests themselves, and research and validation studies performed in conjunction with the institution of these tests. Respondents did not fully comply with these requests. On June 8, 1992, pursuant to § 710 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–9 and 29 C.F.R. § 1601.16(a) (1992), applicant issued and served an administrative subpoena *duces tecum* to respondents. Respondents have not fully complied with that subpoena.[1] The EEOC came to this Court seeking an order compelling respondents to produce the requested information.

## Discussion

Scope of Judicial Review

 A district court's role in a proceeding to enforce an administrative subpoena is extremely limited. *FTC v. Texaco, Inc.,* 555 F.2d 862, 871–72 (D.C.Cir.), *cert. denied sub nom. Standard Oil Co. v. FTC,* 431 U.S. 974, 97 S.Ct. 2939, 53 L.Ed.2d 1072 (1977) (*citing Endicott Johnson Corp. v. Perkins,* 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424 (1942)). An administrative subpoena for an agency investigation should be enforced if "the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant." *United States v. Morton Salt Co.,* 338 U.S. 632, 652, 70 S.Ct. 357, 369, 94 L.Ed. 401 (1950) (quoting *Oklahoma Press Publishing Co. v. Walling,* 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946)). A court will not enforce, however, a subpoena issued for any purpose that may be in bad faith. *United States v. Powell,* 379 U.S. 48, 57, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964). Moreover, a court will not enforce a subpoena if the party being investigated demonstrates that the subpoena is unduly burdensome. *EEOC v. Maryland Cup Corp.,* 785 F.2d 471, 476 (4th Cir.), *cert. denied,* 479 U.S. 815, 107 S.Ct. 68, 93 L.Ed.2d 26 (1986); *Texaco,* 555 F.2d at 882.

 The respondents do not contend that the EEOC's investigation exceeds the scope of its statutory authority. Nor is there any allegation that the subpoena is too indefinite. Rather, at issue is whether the information sought by the EEOC is relevant and whether the demand is unduly burdensome.[2]

---

1. At oral argument, counsel for respondents contended for the first time that the subpoena was not served properly because it was directed to G.K. Miles, rather than the respondent companies. Miles is not authorized to accept legal service on behalf of the respondent companies. *See* Certified Statement of Gregory K. Miles at 1–2. Miles, however, complied in part with the subpoena. *Id.* at 5–7. Thus, the EEOC's method of service provided respondents with actual no-

tice. Because respondents knew of the subpoena, the EEOC's manner of service, even if technically defective, constitutes substantial compliance. *Sandsend Fin. Consultants, Ltd. v. Federal Home Loan Bank Bd.,* 878 F.2d 875, 882 (5th Cir.1989).

2. Respondents implied at oral argument that applicant issued the subpoena for an improper purpose: to supply the CWA with information

Subpoena Items 1a–c, 3a–b, and 3d

Subpoena Items 1a–c, 3a–b, and 3d seek information relating to the tests given to applicants who applied for the collector position between 1989 and 1991. Specifically, the EEOC seeks copies of the tests themselves, all documents relating to the validation studies and research regarding these tests, and all applicable federal guidelines relied on by respondents in creating these tests. This information is relevant and necessary to investigate allegations of test bias, allegations that the EEOC is statutorily authorized to investigate. Nor is there any dispute regarding the specificity of the subpoena. Therefore, the EEOC has met the threshold showing necessary for the enforcement of these subpoena items.

■ Respondents claim, however, that the information need not be produced because it is confidential. Respondents' primary concern is that the EEOC will release the subpoenaed information to the CWA. Respondents contend that the EEOC's internal procedures are inadequate to preserve the confidentiality of this information and that disclosure to the CWA is likely.

■ The need for confidentiality is not a valid basis to refuse to comply with a subpoena. *See University of Penn. v. EEOC,* 493 U.S. 182, 192, 110 S.Ct. 577, 584, 107 L.Ed.2d 571 (1990); *EEOC v. Associated Dry Goods Corp.,* 449 U.S. 590, 603, 101 S.Ct. 817, 825, 66 L.Ed.2d 762 (1981). A court may, however, impose various conditions on the disclosure of confidential information to an administrative agency. *See Texaco,* 555 F.2d at 883–84 (recognizing the general authority of a district court to impose conditions on information disclosure, but finding that a particular district court order was too restrictive). The Court finds that it is appropriate in this case to condition enforcement of the subpoena on the signing of a confidentiality agreement.

The Court finds that respondents have an extremely strong interest in protecting the subpoenaed information. If the CWA obtained the tests and disseminated them

that the CWA could not obtain through collective bargaining. The Court does not have

among its members, the test would, in effect, be destroyed. *See* Respondents' Memorandum at 6. The Supreme Court has recognized the importance of protecting against the destruction of employment tests. *See Detroit Edison Co. v. NLRB,* 440 U.S. 301, 99 S.Ct. 1123, 59 L.Ed.2d 333 (1979). In *Detroit Edison,* the Supreme Court overturned an order of the National Labor Relations Board that directed an employer to disclose its aptitude tests to a union. In finding that the National Labor Relations Board had abused its discretion in ordering a release of the tests themselves, the Supreme Court recognized that test secrecy is critical to the validity of an employee aptitude testing program. *Id.* at 302–06, 99 S.Ct. at 1125–26. If a union, through the institution of a discrimination charge with the EEOC, could obtain copies of employment tests, they could achieve through Title VII litigation what they could not achieve through collective bargaining. This would render *Detroit Edison* a nullity. The Court refuses to sanction such circumvention.

The Court agrees that the EEOC's internal procedures are insufficient to insure that this confidential material will not be disseminated to the CWA. Under *Associated Dry Goods,* the EEOC is permitted prior to the institution of any proceeding to disclose to a charging party information it has obtained in investigating a claim of employment discrimination. *Associated Dry Goods,* 449 U.S. at 597–603, 101 S.Ct. at 822–24. The EEOC has failed to assure respondents that it will decline in this case to exercise its pre-litigation discretion to release the subpoenaed information to the CWA. Moreover, once the EEOC's investigation is concluded, the CWA may obtain a right to sue letter and make a request under the Freedom of Information Act for information in the investigatory file. The EEOC has represented that at that time it will review the CWA's request to determine if the information sought falls under a Freedom of Information Act exemption. *See* Applicant's Memorandum at 10–11. The Court finds that this response is an inadequate assurance that the information

enough information to evaluate this implication.

will not be disclosed. Nor has the EEOC provided assurances that any non-disclosure agreement executed pursuant to Section 83 of the EEOC's Compliance Manual could prevent the CWA from disseminating the tests to the general membership of the CWA. It is unclear how the EEOC effectively could enforce such an agreement. Thus the Court finds that the EEOC has not adequately assured respondents that their interests will be protected.

Therefore, the Court finds that because respondents have a strong interest in protecting the subpoenaed documents from disclosure to the CWA, the EEOC must enter into a confidentiality agreement with respondents that prevents the dissemination of this material. The agreement must provide that the tests and validation information will not be released to the CWA. The agreement also must provide that the information will not be duplicated or copied, and that the documents will be returned to respondents at the conclusion of the EEOC's investigation. Accordingly, the EEOC's application with respect to Subpoena Items 1a–c, 3a–b, and 3d is conditionally granted.

Subpoena Item 2(b)

Subpoena Item 2(b) seeks a copy of the "application/test/test results" for each applicant for the collector position from September 1990 through October 1991. Respondents already have turned over the test results for each of the 1,120 applicants who applied for this position. Moreover, respondents have agreed to make available the applications themselves. *See* Respondents' Memorandum at 7. Therefore, with respect to this portion of the EEOC's application for enforcement of Subpoena Item 2(b), the application is moot.

With respect to the EEOC's demand for production of the test itself, the EEOC has met its burden of showing that the test is reasonably relevant to an inquiry conducted pursuant to its legitimate authority and that the request is sufficiently definite. The Court orders production of the test subject, however, to the same confidentiality conditions described above. Accordingly, the EEOC's application with respect to Subpoena Item 2b is denied in part as moot, and conditionally granted in part.

Subpoena Item 4

Respondents state that they have turned over the documents requested in Subpoena Item 4. Because this information is already in the EEOC's possession, the application with respect to Subpoena Item 4 is denied as moot.

Subpoena Item 5

Subpoena Item 5 seeks information regarding applicants and employees of the New Jersey Bell Telephone Company and the Bell Pennsylvania Telephone Company. Respondents assert that they do not have this information, because these companies are not under control of respondents. *See* Respondents' Memorandum at 9. If a respondent lacks the information necessary to comply with part of a subpoena, such compliance is excused. *EEOC v. Bay Shipbuilding Corp.*, 668 F.2d 304 (7th Cir. 1981). Accordingly, with respect to Subpoena Item 5, the EEOC's application is denied.

For the foregoing reasons, it hereby is

ORDERED, that the EEOC's application for enforcement of Subpoena Items 1a–c, 3a–b, and 3d is granted on the condition that the parties sign a confidentiality agreement, as described above, that will insure that this information is not released to the CWA. It hereby further is

ORDERED, that the EEOC's application for enforcement of Subpoena Item 2b is denied in part as moot. The application is granted with respect to the production of the collector test subject to the signing of a confidentiality agreement, as described above, that will insure that this information is not released to the CWA. It hereby further is

ORDERED, that the EEOC's application for enforcement of Subpoena Item 4 is denied as moot. It hereby further is

ORDERED, that the EEOC's application for enforcement of Subpoena Item 5 is denied.

SO ORDERED.